**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: A. H. ROBINS COMPANY,
INCORPORATED,
<u>Debtor.</u>

DIXIE J. PORTER,                                              No. 96-1779
<u>Claimant-Appellant,</u>

v.

DALKON SHIELD CLAIMANTS TRUST,
<u>Trust-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CA-85-1307-R)

Submitted: November 18, 1997

Decided: December 31, 1997

Before RUSSELL, WIDENER, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dixie J. Porter, Appellant Pro Se. Melody Gunter Foster, DALKON
SHIELD CLAIMANTS TRUST, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dixie J. Porter appeals the district court's order denying her Fed. R. Civ. P. 60(b) motion. We affirm.

Porter is a disappointed Dalkon Shield Claimant. Her proof of claim was timely filed on March 11, 1986. The Dalkon Shield Claimants Trust sent an initial questionnaire to Porter at the address identified on the proof of claim as her residence. Porter admitted that she lived at that address at the time. However, a completed questionnaire was not returned to the Trust. Nor was the envelope containing the questionnaire returned to the district court as undeliverable.

Before disallowing the claims of Porter and others who had not returned the initial questionnaire, the district court ordered that a second questionnaire be sent to those claimants who had not returned the initial questionnaire. The second questionnaire stated that the court would disallow claims if they were not timely returned. The envelope sent to Porter containing the second questionnaire was returned to the court bearing a stamp indicating that the resident had moved and left no forwarding address.

On July 20, 1987, the district court entered an order disallowing the claims of Porter and others because they did not perfect their claims. The court sent a "Notice of Disallowed Claim" to all claimants affected by the order. The notice stated that affected claimants could move for reconsideration of their claims if they filed their motions by September 11, 1987. Copies of the notice and a reinstatement request form were sent to Porter's last known address; however, the envelope was returned to the court stating that Porter had moved and left no forwarding address. Porter thus neither returned either questionnaire nor moved for reinstatement of her disallowed Dalkon Shield Claim.

2

In 1990, Porter sought relief from the order disallowing her claim. She contended that she did not personally submit the proof of claim and was unaware until 1990 that a claim had been filed on her behalf. Porter asserted that she should not be penalized for not returning a questionnaire. Following a hearing, the district court determined that Porter had not shown excusable neglect under Fed. R. Civ. P. 60(b)(1) and denied her motion. Porter now appeals.

Rule 60(b)(1) provides for relief from a judgment because of mistake, inadvertence, surprise, or excusable neglect. Such motions must be filed within one year of the order from which a movant seeks relief. Fed. R. Civ. P. 60(b). The remedy of Rule 60(b) "is extraordinary and is only to be invoked upon a showing of exceptional circumstances." Compton v. Alton S. S. Co., 608 F.2d 96, 102 (4th Cir. 1979). We review orders denying Rule 60(b) motions for abuse of discretion. National Org. for Women v. Operation Rescue, 47 F.3d 667, 669 (4th Cir. 1995).

After reviewing the record, we conclude that the district court acted within its discretion both because Porter's motion was untimely and because it was without merit. The order disallowing her claim was entered in 1987; Porter filed her Rule 60(b)(1) motion in 1990, well beyond the one-year period set forth in the Rule.

Porter represents that she did not know that someone had filed a proof of claim on her behalf. In that case, Porter offered no reason for not filing a timely proof of claim herself. We previously recognized the widespread, multimillion-dollar campaign implemented to notify potential domestic and foreign claimants of the Bar Date and how to begin the claims process. See Vancouver Women's Health Collective Soc. v. A. H. Robins Co., 820 F.2d 1359, 1360-62 (4th Cir. 1987). Given the adequacy of the notification campaign, Porter's failure to initiate the claims process is not an extraordinary reason for granting relief from the district court's order disallowing her Dalkon Shield Claim. Further, if Porter was aware that someone had filed the proof of claim on her behalf, she did not meet her obligation to keep the court apprised of her whereabouts in order to protect her rights. She moved without leaving a forwarding address, and several documents needed to perfect her claim were returned to the court as undeliverable.

We accordingly affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

AFFIRMED

4